UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TYNISKI EVANS                                    CIVIL ACTION

VERSUS                                           NUMBER: 14-2824

FOREVER 21                                       SECTION: "F"(5)

### ORDER AND REASONS

Presently before the Court, in this case in which the parties elected to proceed before the undersigned pursuant to 28 U.S.C. §636(c) (rec. doc. 15), is the motion for summary judgment of Defendant, Forever 21.  (Rec. doc. 21).  Plaintiff has filed no memorandum in opposition to Defendant's motion.[1]  For the reasons that follow, it is ordered that Defendant's motion is granted and that Plaintiff's suit is dismissed.

Tyniski Evans, *pro se* Plaintiff herein, filed the above-captioned complaint against Defendant, Forever 21, alleging discrimination based on her "… race (black), age (23), religion (unknown), sex (female), national original (other), disability an[d] … color …" in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.* ("ADEA"), and the Americans With Disabilities Act, 42 U.S.C. §12111 *et seq.* ("ADA").  (Rec. doc. 1, p. 1).  Plaintiff sought "… compensation for time out of work and [$]5,000 for damages." (*Id.*).  Plaintiff appended to her complaint a copy of the "Charge of Discrimination" she had filed with the Equal

---

[1] As Plaintiff has filed no memorandum in response to Defendants' motion, timely or otherwise, the Court may properly assume that she has no opposition to it. *Johnson v. Colvin*, No. 14-CV-0401, 2014 WL 4186790 at *1 n. 1 (E.D. La. Aug. 22, 2014)(citing Local Rule 7.5 and *Bean v. Barnhart*, 473 F.Supp. 2d 739, 741 (E.D. Tex. 2007)); *Jones v. Larpenter*, No. 13-CV-0056, 2013 WL 1947243 at *1 n. 1 (E.D. La. Apr. 12, 2013), *adopted*, 2013 WL 1947188 (E.D. La. May 10, 2013)(same); *Lucas v. Crowe*, No. 11-CV-2752, 2013 WL 870514 at *1 n. 1 (E.D. La. Feb. 15, 2013), *adopted*, 2013 WL 870437 (E.D. La. Mar. 7, 2013)(same).

Employment Opportunity Commission ("EEOC"), wherein she alleged that she had applied for and been denied employment with Defendant on July 1, 2014, with no reason being given for the action taken against her. (Rec. doc. 1, p. 4). Other than that, Plaintiff's complaint and its attachments were devoid of the operative facts upon which her lawsuit was based.

The Defendant now moves for the grant of summary judgment under Rule 56(c), arguing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. (Rec. doc. 21). As noted above, no opposition to Defendant's motion, which was set for submission on December 16, 2015, was submitted by Plaintiff, timely or otherwise. Accordingly, the motion is deemed to be unopposed and may thus be granted on that basis as long as the motion has merit. *Braly v. Trail*, 254 F.3d 1082, 2001 WL 564155 at *2 (5th Cir. 2001).

Under Rule 56(c), summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986). Although all inferences drawn from the evidence are to be resolved in the non-movant's favor, she may not rest on the mere allegations or denials in her pleadings. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). Rather, once a properly supported motion for summary judgment is made, the burden shifts to the non-movant who bears the burden of proof at trial to show with "'significant probative' evidence" that there exists a triable factual issue. *Kansa Reinsurance v. Cong. Mortgage Corp. of Texas*, 20 F.3d 1362, 1371 (5th Cir. 1994)(quoting *In re: Municipal Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982)). That burden is not satisfied by "... 'some metaphysical doubt as to the material facts,' ... by 'conclusory allegations,' .... by 'unsubstantiated assertions,' ... or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*,

37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(citations omitted).  Rather, the nonmovant "… must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case; naked assertions of an actual dispute will not suffice."  *Matter of Lewisville Properties, Inc.*, 849 F.2d 946, 950 (5th Cir. 1998).  The insufficiency of the proof must be such that it would prevent a rational finder of fact from finding for the non-moving party.  *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272-73 (5th Cir.), *cert. denied*, 484 U.S. 851, 108 S.Ct. 152 (1987).  And in employment discrimination cases, summary judgment is not precluded merely because the plaintiff alleges that the defendant was motivated by discriminatory intent.  *Ward v. Bechtel Corp.*, 102 F.3d 199, 202 (5th Cir. 1997).

As part of its summary judgment evidence, Defendant has provided the Court with the transcript of Plaintiff's deposition that was taken on November 17, 2015.  (Rec. doc. 21-2).  Although she has no documentary corroborating proof, Plaintiff testified that she applied for employment at Defendant's Riverwalk Store within a few weeks after it opened in the summer of 2014, visiting the store in person to obtain an application that she completed and submitted along with a copy of her resume several days later, interacting with an African-American female manager for that purpose.[2/]  About a month or two later, Plaintiff testified that she was contacted via telephone and was requested to come in for an interview, which went forward the next day and at which she spoke with a white male manager of the Defendant who was in his twenties and, later, with a female Asian employee.  The male

---

[2/] In its supporting memorandum, Defendant asserts that it "… has located no record of Plaintiff ever having applied."  (Rec. doc. 21-1, p. 2, n. 4).  Plaintiff provided defense counsel with a copy of her resume subsequent to her deposition which, on its face, gives no clear indication of her membership in any of the protected categories that are the subject of her lawsuit.  (Rec. doc. 21-3).

3

manager allegedly told Plaintiff that she would be hired and the female employee advised Plaintiff that she would need to bring in her Social Security card to facilitate completion of the hiring paperwork.  Plaintiff did so that same day, at which time her ID and Social Security cards were copied and returned to her and she was told that she would be called the next day to return and complete the "hiring packet."  (*Id.*).

After several days had passed and Plaintiff had not been contacted by any Forever 21 representative as promised, she phoned the store and spoke to a series of different managers who gave her varying updates on her hiring status, making her feel like she was "getting the run around."  Eventually, Plaintiff spoke with the same African-American employee who had asked her to come in for the initial interview who informed her that the position had been filled by another but that she could reapply.  Plaintiff subsequently contacted the EEOC on the advice of a friend as "… they help with that kind of thing …" and Plaintiff was at a loss on how to proceed.  When asked why she felt that she had been discriminated against on one of the bases identified in her complaint, Plaintiff explained that she "… just want[ed] to know what happened, I guess, and do they treat everybody this way."  (*Id.*).  As reflected by the declaration of Kevin O'Malley, Defendant's Senior Human Resources Manager, the Forever 21 Riverwalk Store opened on or about May 22, 2014, with most of the hiring for that store being completed in April and May of 2014 and the majority of the hirees being African-American females.  (Rec. doc. 21-4, pp. 1-2).  The Employee Handbook that was in effect at that time contained specific prohibitions against discrimination based upon, *inter alia*, race, age, religion, gender, color, national origin, or disability.  (Rec. doc. 21-4, pp. 3-45).

In a case such as this one where direct evidence of discrimination is lacking, a Plaintiff must rely on the three-step inferential proof process set forth in *McDonnell Douglas v. Green*,

4

411 U.S. 792, 93 S.Ct. 1817 (1973) and *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089 (1981).  The first step of that process requires a plaintiff to establish a prima facie case of discrimination.  *Burdine*, 450 U.S. at 253, 101 S.Ct. at 1094.  To establish a prima facie case of racial discrimination, Plaintiff must show:  1) that she belongs to a racial minority; 2) that she applied for and was qualified for a job for which the Defendant was seeking applicants; 3) that she was not hired; and, 4) that the Defendant rejected her under circumstances giving rise to an inference of unlawful discrimination by either leaving the position open or by selecting a person who is not in a racial minority to fill it.  *Bright v. GB Bioscience Inc.*, 305 Fed.Appx. 197, 201-02 (5th Cir. 2008).  In terms of gender discrimination, the final element of the prima facie case requires Plaintiff to demonstrate that the position for which she had applied either remained open or a male was selected to fill it.  *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1087 (5th Cir. 1994).  Having failed to file an opposition to Defendant's motion, Plaintiff has not proffered even her own self-serving, subjective belief of unlawful discrimination, much less competent summary judgment evidence on this essential element of her prima facie case.  *Bellard v. Gautreaux*, 675 F.3d 454, 460 ((5th Cir. 2012).  Summary judgment is thus appropriate on Plaintiff's claims of racial and gender discrimination, particularly in light of the unrebutted declaration of Defendant's representative that the majority of the hirees at the store were African-American females.

In addition to race and gender, Plaintiff's complaint alleges discrimination on the basis of her age, 23, in violation of the ADEA.  Not having attained the age of 40, Plaintiff is statutorily ineligible from asserting a claim under the ADEA. 29 U.S.C. §631(a).  Plaintiff also complains of discrimination on the basis of her "… religion (unknown) …"  In that regard, Title VII forbids employers from:  1) failing to hire an applicant 2) "because of" 3) such

5

individual's religion, including the individual's religious practices. *EEOC v. Abercrombie & Fitch Stores, Inc.*, ___ U.S. ___, ___, 135 S.Ct. 2028, 2032 (2015). As Plaintiff does not allege that her religious practice, whatever that may be, was a factor in the decision not to hire her, summary judgment on that claim is warranted as well.

Plaintiff also claims that she was discriminated on the basis of her "… national origin (other) …" and her color. Plaintiff does not identify her ancestry within the four corners of her complaint and its attachments, nor does she elaborate on her complexion in an attempt to prove up a claim of discrimination based on color. *See*, *e.g.*, *Jones v. Jefferson Parish*, No. 12-CV-2191, 2013 WL 6072719 at *20 (E.D. La. Nov. 18, 2013). Just like her claims of discrimination based on race and gender, because Plaintiff does not allege that the position that she applied for was offered to someone of different ancestry and/or skin color, no prima facie case is established and summary judgment on those claims will be granted as well.

Finally, Plaintiff alleges discrimination on the basis of some unidentified disability. "In order to make a prima facie case of discrimination under the ADA, a plaintiff must establish that she is a qualified individual with a disability and that the negative employment action occurred because of the disability. *See* 42 U.S.C. §12112(a). Therefore, the plaintiff must first establish that she has a disability." *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1119 (5th Cir. 1998). Here, Plaintiff fails to produce any evidence establishing a genuine issue as to whether she has a physical impairment that substantially limits a major life activity, *Sherrod*, 132 F.3d at 1119, and she has produced nothing demonstrating that the Defendant had knowledge of or regarded her as having such an impairment. For all of these reasons, Defendant's motion for summary judgment is granted and Plaintiff's suit is dismissed with prejudice. Judgment will be entered accordingly.

New Orleans, Louisiana, this __28th__ day of _____December_____, 2015.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

Case 2:14-cv-02824-MBN   Document 24   Filed 12/28/15   Page 7 of 7